**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

TERRY PENISTER                                                          PLAINTIFF
ADC #092828

v.                                     4:21-cv-00290-LPR-JJV

JOYCE MARSHALL, Lt.,
Dub Brassell Detention Center                                          DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

### DISPOSITION

## I.    INTRODUCTION

Terry Penister ("Plaintiff") is a prisoner in the Arkansas Division of Correction. He has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging Defendant Lieutenant Joyce Marshall violated his constitutional rights while he was a pretrial detainee at the Dub Brassell Detention Center ("BDC"). (Doc. 2.) Specifically, Plaintiff says Defendant Marshall strip searched him and observed him nude in the shower while he was being booked into the BDC on December 29, 2019. (*Id.*)

1

Defendant Marshall has filed a Motion for Summary Judgment arguing she is entitled to dismissal because Plaintiff failed to properly exhaust his administrative remedies.   (Docs. 24-26.) Plaintiff has not filed a Response.    Thus, the facts in Defendant's Statement of Undisputed Material Facts (Doc. 26) are deemed admitted.    *See* Local Rule 56.1(c) ("All material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party"); *Jackson v. Ark. Dep't of Educ., Vocational & Tech. Educ. Div.*, 272 F.3d 1020, 1027 (8th Cir. 2001) (pursuant to Local Rule 56.1(c), a plaintiff who failed to respond to the motion for summary judgment "forfeited her ability to contest the facts presented" by the defendant).    After careful consideration and for the following reasons, I recommend the Motion be GRANTED and Plaintiff's claim against Defendant Marshall be DISMISSED without prejudice.

## II.    SUMMARY JUDGEMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.    Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).    When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.    *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).    The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial.    *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).    The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.    *Id.* (citations omitted).    A dispute is genuine if the evidence

2

is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.    ANALYSIS

### A.    The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

3

### B.    The BDC's Grievance Procedure

The BDC has a two-step grievance procedure.    First, a detainee may handwrite a grievance on any piece of paper and give it to a jailer or file a grievance on the BDC's kiosk. (Doc. 24-1 at 1, 23.)    The grievance must "clearly describe all facts," and there is no time limit for filing one.    (*Id*. at 23-34.)    Written responses are provided to emergency grievances within forty-eight hours and to non-emergency grievances within ten working days.    (*Id*. at 24.)    A detainee may appeal the response, or lack thereof, to the Sheriff.    (*Id*. at 25.)    And, a detainee may send a grievance directly to the Sheriff if "for any reason a detainee fears use of the grievance procedure."    (*Id.*)    Copies of all grievance and responses are kept in the detainee's institutional file.    (*Id*.)

### C.    Plaintiff's Grievances

The BDC Jail Administrator says in his affidavit that Plaintiff did <u>not</u> file any grievances about the December 29, 2019 book-in process.    (Doc. 24-1.)    Plaintiff has not refuted that allegation.    And, my review of the record confirms this to be correct.

While at the BDC, Plaintiff filed ten grievances, but none of them contain the allegations he is attempting to raise in this lawsuit.    (Doc. 24-1 at 4-15.)    Thus, he did not properly exhaust his administrative remedies as required by the PLRA.    *See Townsend v. Murphy*, 898 F.3d 780 (8th Cir. 2018) (before coming to federal court, a prisoner "must exhaust administrative remedies in accordance with the prison's applicable procedural rules"); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014) (improper exhaustion when the prison was not asked to evaluate the conduct" of the defendant "or the distinct § 1983 claims first asserted" in the lawsuit).

However, that is not the end of the analysis because the PLRA only requires prisoners to exhaust their "available" administrative remedies.    42 U.S.C. § 1997e(a).    Administrative

4

remedies are "unavailable" when the grievance procedure is "so opaque that it becomes . . . incapable of use" or when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake,* 136 S. Ct. 1850, 1859-60 (2016); *Townsend,* 898 F.3d at 783.

In the Complaint, Plaintiff says he did not exhaust his administrative remedies because "their grievance system is flawed[;] they refused to tell me her response so I could appeal." (Doc. 2 at 4.) That assertion is contrary to the record, which demonstrates BDC officials responded to all of Plaintiff's grievances. (Doc. 24-1 at 4-13.) More importantly, the BDC's grievance policy says a detainee may appeal to the Sheriff if he or she does not receive a response to a grievance. *See Crowley v. Nailor*, No. 19-1293, 2019 WL 5691881 (8th Cir. Nov. 4, 2019) (unpublished decision) (affirming dismissal when a prisoner did not proceed to the next step of the grievance procedure after he failed to receive a response to his grievance); *Williams v. Horner*, Case No. 11-3327, 2012 WL 1292887 (8th Cir. April 17, 2012) (unpublished decision) (same). I also note that in some of his grievances, Plaintiff complained that the kiosk system was broken. (Doc. 24-1 at 7-9.) But, as previously mentioned, Plaintiff could have filed a handwritten grievance on any piece of paper and given it to a jailer. For these reasons, I conclude the undisputed evidence establishes Plaintiff had administrative remedies "available" to him to properly exhaust the claims he is attempting to bring against Defendant Marshall in this lawsuit. But, he failed to use them. Accordingly, I recommend Defendant Marshall be granted summary judgment. *See Jones,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

That being said, I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion

requirement plays a critical role in the remedy process.   The Eighth Circuit has explained this

important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the
> quality of prisoner suits; to this purpose, Congress afforded corrections officials
> time and opportunity to address complaints internally before allowing the initiation
> of a federal case. In some instances, corrective action taken in response to an
> inmate's grievance might improve prison administration and satisfy the inmate,
> thereby obviating the need for litigation. In other instances, the internal review
> might filter out some frivolous claims. And for cases ultimately brought to court,
> adjudication could be facilitated by an administrative record that clarifies the
> contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an

opportunity to correct its own mistakes with respect to the programs it administers before it is

haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.     Defendant's Motion for Summary Judgment (Doc. 24) be GRANTED, Plaintiff's

claim against Defendant Marshall be DISMISSED without prejudice, and this case be CLOSED.

2.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from an Order adopting these recommendations and the accompanying Judgment would

not be taken in good faith.

DATED this 22nd day of November 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE